IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN BENITEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICA'S WHOLESALE LENDER, | § | |
| THE BANK OF NEW YORK MELLON | § | |
| AS TRUSTEE FOR THE CWABS | § | CIVIL ACTION NO. H-14-953 |
| ASSET-BACKED CERTIFICATES TRUST | § | |
| 2005-3, CWABS, INC., BANK OF | § | |
| AMERICA, N.A., FREO TEXAS, LLC, | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., and | § | |
| DOES 1 THROUGH 100, INCLUSIVE, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is the Motion by Defendants The Bank of New York Mellon as Trustee, CWABS, Inc., Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc. to Dismiss Plaintiff's Amended Complaint (Document No. 6), which Defendant FREO Texas, LLC has joined.[1] After carefully considering the motion, response, reply, and applicable law, the Court concludes that the Motion should be granted as to Plaintiff's Truth in Lending Act ("TILA") claim, and that Plaintiff's remaining claims should be remanded to state court.

---

[1] Document No. 16.

I. Background

Plaintiff Juan Benitez ("Plaintiff") purchased a home at 8822 Clearbourne Lane, Houston, Texas 77075 ("the Property") on February 16, 2005.[2] Plaintiff executed a promissory note secured by a Deed of Trust ("Deed of Trust") on the property, both in favor of Defendant America's Wholesale Lender.[3] Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was named as a beneficiary under the Deed of Trust and authorized to act for America's Wholesale Lender.[4] Plaintiff attaches to his Amended Complaint a report containing copies of four separate documents, each of which appears to be an assignment of the Deed of Trust from MERS to Defendant The Bank of New York Mellon as Trustee for the CWABS Asset-Backed Certificates Trust 2005-3 ("BNYM").[5] The last of these purported assignments, of which Defendants attach a copy of the original filed with the Harris County Clerk, was dated

---

[2] Document No. 3-1 at 6 of 182.

[3] Id. at 37 of 182 to 54 of 182. America's Wholesale Lender is the trade name for Countrywide Home Loans, which was later merged into Defendant Bank of America, N.A. See Document No. 3 at 1 n.1 ("America's Wholesale Lender was an assumed name, registered and used by Countrywide Home Loans, Inc."); see also Young v. Countrywide Home Loans, No. 1:13-0117, 2014 WL 935308, *1 n.1 (M.D. Tenn. March 10, 2014) ("It is undisputed that Countrywide Home Loans Servicing, LP merged into BAC Home Loans Servicing, L.P. that later merged into Bank of America, N.A.").

[4] Document No. 3-1 at 38 of 182 to 39 of 182.

[5] Id. at 85 of 182 to 96 of 182.

2

December 13, 2012.[6]  After Plaintiff defaulted in making all obligatory payments on this promissory note, the purported holder of the note and Deed of Trust appointed substitute trustees, who sold the Property at a foreclosure sale to Defendant FREO Texas, LLC ("FREO") on September 3, 2013.[7]

Plaintiff filed his Original Petition in state court on January 27, 2014, alleging: (1) lack of standing and wrongful foreclosure; (2) declaratory relief; (3) quiet title; (4) breach of contract; (5) violation of TILA; (6) violations of the Texas Property Code; (7) intentional interference with a contractual relationship; and (8) fictitious entity.[8]  Defendants removed the case based on federal question jurisdiction.[9]  Defendants now move to dismiss for failure to state a claim.[10]

## II. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or

---

[6] Id.; Document No. 7-3.

[7] Document No. 3-1 at 55 of 182 to 57 of 182.

[8] Id. at 4 of 182 to 32 of 182 (Orig. Pet.).

[9] Document No. 3.

[10] Document No. 7.

admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

III. Discussion

A. Plaintiff's Truth in Lending Act Claim

Title 15 U.S.C. § 1641(g) provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" and provide the borrower with certain disclosures. 15 U.S.C. § 1641(g). Plaintiff alleges that Defendant BNYM failed to give him notice within 30 days after the mortgage loan was transferred to BNYM.[11]

Plaintiff's TILA claim is time-barred. Claims under § 1641(g) are subject to a one year statute of limitations which runs from the end of the 30 days period after the date of an assignment. See 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ."); see also, e.g., Kilpatrick v. U.S. Bank, NA, No. 12-cv-1740-W(NLS), 2014 WL 1247336, at *3 (S.D. Cal. March 24, 2014) ("Because 15 U.S.C. § 1641(g) allows a creditor thirty days in which to provide notice to the borrower of a transfer or assignment, the statute of limitations begins to run after those thirty days have expired."); see also, e.g., Ward v.

---

[11] Document No. 3-1 ¶¶ 88-95.

Branch Banking & Trust Co., Civ. A. No. ELH-13-01968, 2014 WL 2707768, at *12 (D. Md. June 13, 2014) ("[P]laintiffs' cause of action accrued at the expiration of the 30-day period."); Connell v. CitiMortgage, Inc., Civ. A. No. 11-0443-WS-C, 2012 WL 5511087, at *8 (S.D. Ala. Nov. 13, 2012) (TILA claim was barred one year after the 30-day disclosure window expired). The last of the alleged assignments occurred on December 13, 2012, which meant that BNYM had until January 12, 2013 to provide notice to Plaintiff. Plaintiff failed to file suit within one year thereafter--not filing until January 27, 2014.[12] The TILA action therefore was barred, which is evident on the face of the Original Petition.

Even if the TILA claim had been timely brought, Plaintiff's other allegations in his Original Petition fail to state a claim upon which relief can be granted under § 1641(g). Plaintiff seeks to recover for wrongful foreclosure because no defendant "was the holder or owner or the representative of the holder or owner of the note with the right to foreclose."[13] To recover for a violation of § 1641(g), however, Plaintiff must allege that a defendant was indeed the transferee of the note and deed of trust and hence was obligated under the statute to give notice of such. See, e.g. Jameel v. Flagstar Bank, FSB, Civ. A. No. H-12-1510, 2012 WL 5384177, at *7 (S.D. Tex. Nov. 2, 2012) (Harmon, J.) ("[I]f

---

[12] Document No. 3-1 at 4 of 182.

[13] Document No. 3-1 at 20 of 182.

Plaintiff is going to charge [defendant] with failure to provide her with notice that the mortgage was assigned to it and is therefore liable for her actual damages, she must allege facts showing that [defendant] is the new owner or assignee of that mortgage under § 1641(g), a situation she is thus far denying."); Price v. U.S. Bank Nat. Ass'n, Civ. A. No. 3:13-CV-0175-O, 2013 WL 3976624, at *10 (N.D. Tex. Aug. 2, 2013) ("Plaintiff's allegations are conflicting since to recover against Defendant for failure to comply with § 1641(g) of TILA she would have to allege and prove that her mortgage was sold or transferred to Defendant, but she essentially argues that the opposite was the case."). Accordingly, Plaintiff has failed to state a plausible TILA claim upon which relief can be granted.

B.  Supplemental Jurisdiction

Defendants removed this case solely on the basis of federal question jurisdiction, and all of Plaintiff's remaining claims arise under Texas law. The Court in its discretion declines to exercise supplemental jurisdiction over these remaining state law claims. See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); Oliver v. Lewis, 891 F. Supp. 2d 839, 843 (S.D. Tex. 2012) (Rosenthal, J.) ("The 'general rule' is to decline to

exercise jurisdiction over pendent state-law claims when all federal claims are eliminated from a case before trial. . . . When a federal-law claim is 'eliminated at an early stage of the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction.'") (quoting Brookshire Bros. Holding, Inc. v. Dayco Products, Inc., 554 F.3d 595, 602 (5th Cir. 2009); Enochs v. Lampasas Cnty, 641 F.3d 155, 161 (5th Cir. 2011)). Plaintiff's remaining state law claims are therefore severed and remanded to state court.

## IV. Order

For the foregoing reasons, it is

ORDERED that the Motion by Defendants The Bank of New York Mellon, CWABS, Inc., Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc. to Dismiss Plaintiff's Amended Complaint (Document No. 6), which Defendant FREO Texas, LLC has joined, is GRANTED in part, and Plaintiff's claim for violation of 15 U.S.C. § 1641(g) is DISMISSED with prejudice. It is further

ORDERED that Plaintiff's remaining state law claims are SEVERED from this action, renumbered as Civil Action No. H-14-953-A, and REMANDED to the 189th Judicial District Court of Harris County, Texas. A separate Final Judgment will be entered for Defendants on Plaintiff's claim under 15 U.S.C. § 1641(g).

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 9th day of July, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE